Defendants are alleged to have incorporated a business which directly competed with plaintiff, engaging in a “double life” for a period of 17 months prior to resigning from the company. A faithless servant must account not only for profits attributable to clients poached from the principal, but for all profits ascribable to the wrongful diversion of business (see Maritime Fish Prods, v World-Wide Fish Prods., 100 AD2d 81, 89 [1st Dept 1984], appeal dismissed 63 NY2d 675 [1984] [noting that even if a faithless servant had first offered a diverted opportunity to the principal, he would not be free to take the business for himself or direct it to a competitor for his profit without the express consent and approval of his employer]).
It is entirely possible, given the breadth and duration of the alleged deception, that defendants diverted corporate opportunities belonging to plaintiff principal, and that any lost profits ascribable thereto accrued after the date of Cataldo’s resignation. Thus, it would be inappropriate to use the date of Cataldo’s resignation as a cut-off date.
We have considered and rejected the parties’ remaining contentions. Concur — Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.
The decision and order of this Court entered herein on May 22, 2012 (95 AD3d 679 [2012]) is hereby recalled and vacated (see 2012 NY Slip Op 94218[U] [2012] [decided simultaneously herewith]).